ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN OFFICIAL ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 MUST AN AMBULANCE SERVICE REIMBURSE A SECOND AMBULANCE SERVICE IN ANOTHER AREA WHERE A SUBSCRIBER OF THE FIRST AMBULANCE SERVICE MUST USE THE SERVICES OF THE SECOND?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NEITHER DESIRABLE NOR NECESSARY. THEREFORE, THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. INSTEAD, IT REPRESENTS THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
YOUR INQUIRY SPECIFICALLY REFERENCES 63 O.S. 1-2514 (1993), WHICH SETS FORTH THE PROCEDURES FOR SELLING AMBULANCE SERVICE MEMBERSHIP SUBSCRIPTIONS. THIS PROGRAM ALLOWS INDIVIDUALS TO PURCHASE AMBULANCE SERVICES IN ADVANCE BY PAYMENT OF AN ANNUAL MEMBERSHIP FEE. 63 O.S. 1-2514(A) (1993). THE CHARGE FOR SUCH SERVICES IS PAID BY THE INDIVIDUAL AS PART OF THE MEMBERSHIP AGREEMENT. 63 O.S. 1-2514(B) (1993). THIS MEMBERSHIP ALSO AFFORDS AMBULANCE SERVICE, AT NO ADDITIONAL COST, OUTSIDE OF THE MEMBER'S AREA. 63 O.S. 1-2514(B) (1993). IN PARTICULAR, AN AMBULANCE SERVICE WHICH SELLS MEMBERSHIPS SHALL PROVIDE SERVICE, AT NO COST, TO A MEMBER OF ANOTHER SERVICE "IN ACCORDANCE WITH THIS SECTION." 63 O.S. 1-2514. PURSUANT TO 63 O.S. 1-2514, THE COSTS SHALL BE PAID BY THE MEMBER'S INSURER. 63 O.S. 1-2514(A) (1993).
UNDER THIS PROGRAM, YOU QUESTION WHETHER AN AMBULANCE SERVICE, ON BEHALF OF ONE OF ITS MEMBERS, MUST REIMBURSE ANOTHER AMBULANCE SERVICE. THERE IS NO LANGUAGE IN SECTION 63 O.S. 1-2514 THAT REQUIRES ONE AMBULANCE SERVICE PROVIDER TO REIMBURSE ANOTHER. LEGISLATIVE SILENCE, WHEN IT HAS AUTHORITY TO SPEAK, MAY BE CONSIDERED AS GIVING RISE TO IMPLICATION OF LEGISLATIVE INTENT. CITY OF DUNCAN V. BINGHAM, 394 P.2D 456 (OKLA.1964). IF THE LEGISLATURE HAD INTENDED FOR ONE AMBULANCE SERVICE TO REIMBURSE ANOTHER AMBULANCE SERVICE, THE ACT WOULD HAVE INCLUDED THIS PROCEDURE IN 63 O.S. 1-2514 (1993).
HOWEVER, BECAUSE THE DETERMINATION OF LEGISLATIVE INTENT IS THE GOAL OF STATUTORY CONSTRUCTION, WE ALSO MUST REVIEW THE STATUTE AS A WHOLE. CLIFTON V. CLIFTON, 801 P.2D 693 (OKLA.1990). AS DESCRIBED ABOVE, THE LEGISLATURE PROMULGATED SECTION 63 O.S. 1-2514 TO ALLOW INDIVIDUALS TO PAY AN ANNUAL FEE AND IN EXCHANGE, TO RECEIVE, AT NO COST, EMERGENCY SERVICE IN ANY SERVICE AREA WHICH ALSO OFFERS ANNUAL MEMBERSHIPS. THE COST IS TO BE BORNE BY THE FEE AND THE INDIVIDUAL'S INSURER. THERE IS NOTHING TO INDICATE THAT THE LEGISLATURE INTENDED FOR AN AMBULANCE SERVICE TO BE LIABLE FOR THE COSTS OF ANOTHER AMBULANCE SERVICE.
STATUTORY CONSTRUCTION THAT WOULD LEAD TO AN ABSURDITY MUST BE AVOIDED AND A RATIONAL CONSTRUCTION SHOULD BE GIVEN TO THE STATUTE IF LANGUAGE FAIRLY PERMITS. LEDBETTER V. OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COM'N., 764 P.2D 172 (OKLA. 1988). IT WOULD BE UNWIELDY AND EVEN ABSURD TO CONSTRUE SECTION 63 O.S. 1-2514 AS REQUIRING ONE AMBULANCE SERVICE PROVIDER TO REIMBURSE, OUT OF ITS BUDGET, ANOTHER EXPENSIVE AMBULANCE SERVICE PROVIDERS.
HOWEVER, THIS IS NOT TO SAY THAT A MEMBER'S AMBULANCE SERVICE MAY COLLECT THE INSURANCE BENEFITS FOR SERVICE RECEIVED BY THE MEMBER IN ANOTHER AREA. CLEARLY, THE LEGISLATURE INTENDED FOR THE AMBULANCE SERVICE THAT PROVIDES THE SERVICE TO A MEMBER TO BE THE RECIPIENT OF THE MEMBER'S INSURANCE BENEFITS. TO CONSTRUE THE SECTION OTHERWISE ALSO WOULD CREATE AN ABSURDITY IN VIOLATION OF RULES OF STATUTORY CONSTRUCTION. LEDBETTER, 764 P.2D 12.
IN CONCLUSION, THE EMERGENCY MEDICAL SERVICES ACT, IN SECTION 63 O.S. 1-2514, ESTABLISHES A SYSTEM WHICH ALLOWS INDIVIDUALS TO BUY INTO A PROGRAM TO RECEIVE EMERGENCY SERVICE. THIS SYSTEM PROVIDES FOR THE COLLECTION OF ANNUAL FEES AND THE ASSIGNMENT OF INSURANCE BENEFITS TO THE AMBULANCE SERVICE THAT PROVIDES SERVICE TO A MEMBER. THE ACT DOES NOT REQUIRE AMBULANCE SERVICE PROVIDERS THAT ENTER INTO SUCH AGREEMENTS TO COMPENSATE OTHER PROVIDERS. AS A RESULT, WE CANNOT READ THIS REQUIREMENT INTO THE STATUTE.
(BRITA HAUGLAND CANTRELL)